[No. 6930.   Decided January 29, 1908.]

## SPOKANE STAMP WORKS, *Respondent*, v. WILLIAM M. RIDPATH, *Appellant*.[1]

INJUNCTION—ACTIONS FOR—AGAINST ABATEMENT OF NUISANCE—EVIDENCE—SUFFICIENCY.   It is error to grant an injunction against the abatement by a landlord of a nuisance on leased premises, where it appears that the tenant was maintaining a nuisance by the operation of heavy, noisy machinery in a storeroom of a hotel which jarred the building and disturbed the guests of the hotel in a manner not contemplated by the lessor, the lease giving no such right, and the burden of proof being on the plaintiff to show authority for such operation.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered March 22, 1907, granting a per-

[1]Reported in 93 Pac. 533.

manent injunction, in an action to restrain the abatement of a nuisance upon premises used as a hotel. Reversed.

*Henley & Kellam,* for appellant.

*John C. Kleber,* for respondent.

PER CURIAM.—The subject-matter of this action may be understood by reference to the facts stated and discussed in *Ridpath v. Spokane Stamp Works, ante* p. 320, 93 Pac. 416. It was held by the trial court in that case that the testimony offered by the plaintiff was not sufficient for the jury, and a nonsuit was granted. This court held that the testimony concerning the operation of the stamp machinery upon the premises showed upon its face the existence of a nuisance in a building that was chiefly used as a hotel, and such as the owner had a right to have abated. It was held that the trial court erred in granting the nonsuit, and the cause was remanded with instructions to proceed with the trial. The parties are reversed in this action. The Stamp Works Company brought this suit against the owner to restrain him from removing the upright log or the piece of timber extending from the ground in the basement up through the first floor, and upon which the stamp falls as the result of operating the machinery; and also to restrain him from cutting the power wires leading to the machinery. A permanent injunction was granted, and the owner has appealed.

Testimony was introduced by both parties in this case, and after having read the record thereof, we are convinced that the facts show the maintenance by respondent of a nuisance upon appellant's premises. The written lease between the parties gives no leave to maintain any such noisy and jarring machinery, and the claim of right to maintain it is based merely upon alleged oral conversations said to have occurred, some before and some after the execution of the written lease. The evidence, however, convinces us that the owner at no time correctly understood what would be the effect of this

machinery in its operation, and that he, from the beginning and at all times, expressly protested against the installation of appliances that would be noisy or that would in any manner disturb the occupants of the hotel. He was, however, led by respondent's agents to believe that the appliances they were installing would not have such effect, and while he warned them that noisy machinery would not be tolerated, yet he did not absolutely object to the installation of this particular machinery.

We think the evidence shows that, by the use of the log and power for operating the stamp thereon, respondent is using and affecting the premises in a manner never contemplated by the owner and to which he never consented. There was conflict in the evidence, but the burden was upon respondent to establish by a preponderance of the testimony that it was maintaining and operating this machinery by authority of the owner, having in view all the peculiar phases of its operation and the effect thereof. This we think respondent has not done, and inasmuch as the action is triable *de novo*, here, we so find.

It was therefore error to grant respondent an injunction, and the judgment is reversed, and the cause remanded with instructions to dismiss the action.