[No. 19189. Department Two. June 23, 1925.]

VALENTINE J. JUREK *et al., Appellants,* v. WILLIAM WALTON *et al., Respondents.*[1]

LANDLORD AND TENANT (55, 56)—POSSESSION AND ENJOYMENT OF PREMISES—MODE OF USE—DISTURBANCE OF CO-TENANTS. The restrictive clause in a lease of premises to be used as a meat market, prohibiting acts by the lessee injuring the reputation or value of the premises, cannot be construed to prevent the operation of a refrigerator plant as ordinarily and usually used in a meat market, and making no more noise or vibration than the usual plant of its kind, although other tenants may have been more annoyed than was contemplated when the lease was made.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered November 19, 1924, upon findings in favor of the defendants, dismissing an action for an injunction, tried to the court. Affirmed.

*Louis J. Muscek,* for appellants.

*Hiram E. Washburn* and *W. R. Flaskett,* for respondents.

FULLERTON, J.—On April 28, 1924, the appellants, Jurek, leased to the respondents, Walton, for a term

[1]Reported in 236 Pac. 805.

of three years, a certain storeroom in the city of Ta-
coma, "to be used as and for a meat market and for
the sale of meat and meat products." The lease con-
tained the following clause:

"That no act shall be done and no trade, occupation
or business shall be carried on upon said premises, or
any use thereof made in violation of any Federal or
State law or ordinances of the City of Tacoma, or
dangerous or injurious to said building or premises or
tending to depreciate or injure the reputation or value
of the premises, or that shall render any insurance
thereon voidable or extra premiums to become payable
for such insurance."

The respondents, on taking possession of the prop-
erty, installed therein a refrigerating plant, operating
it by a five horse-power motor. There were tenants
in the upstairs part of the building who complained to
the appellants of the noises made by the plant, and
also of vibrations of the building caused by its opera-
tion. The appellants carried these complaints to the
respondents and sought to have the noises and vibra-
tions stopped. Failing to obtain relief in this way,
they brought the present action to enjoin the operation
of the plant, alleging in their complaint that its opera-
tion was a violation of the restrictive clause of the
lease before quoted. Issue was taken by the respond-
ents with the allegations of the complaint and a trial
was had which resulted in a dismissal of the proceed-
ings.

There was a conflict in the testimony as to the ex-
tent of the noise caused by the operation of the plant,
and a conflict as to whether there was any vibration
of the building caused thereby. The court found that
the plant was installed under the supervision of the
appellants; that they well knew its purposes; and that
certain changes were made in the storeroom prior to

the installation of the plant intended to minimize the
noises and vibrations usually caused by the operation
of such plants. It further found that there was noth-
ing unusual in the construction of the plant; that such
plants have been in general use among operators of
meat markets in the city of Tacoma for many years,
and that such plants are a now common equipment of
meat markets. It further found that, for five years im-
mediately preceding the making of the lease to the ap-
pellants, the premises had been held by another tenant
of the appellants, who conducted a meat market there-
in and who used a refrigerator plant in the conduct of
his business similar to the one operated by the re-
spondents, with the knowledge and consent of the ap-
pellants; and further found that it was the understand-
ing of the parties to the lease here involved that a
refrigerating plant should be installed and operated
therein during the term of the lease. It also found that
the respondents' plant is in good condition, that it was
operated in a proper manner, and that its operation
caused no undue noises or vibrations.

Our examination of the evidence convinces us that
the decided preponderance of the evidence is with the
findings of the trial court. We are convinced, also, that
these findings justify its conclusions. A lease of premises
for a particular use constitutes a license to carry on the
stipulated business by the ordinary methods and with
the usual appliances. So in this instance, since the use
of a refrigerating plant is the ordinary and usual ad-
junct of a meat market, right to use it is an implied
covenant of the lease. Nor can the somewhat general
words of the restrictive clause contained in the lease
forbid its use. The clause would forbid, no doubt, the
installation of a plant the operation of which would
prove dangerous or injurious to the building, but we

agree with the trial court that nothing of this sort follows as a result of the operation of the plant in question. It was the ordinary plant, larger than some but smaller than others in common use, and made no more noise and caused no more vibration than the usual plant of its kind. It may be that, owing to the manner in which the building of the appellants was constructed, the operation of the plant caused more annoyance to other tenants of the building than was contemplated when the lease was entered into, but this was not the fault of the lessees, and if a loss to the lessors arises therefrom they must alone bear it.

There is nothing in the case of *Spokane Stamp Works v. Ridpath,* 48 Wash. 370, 93 Pac. 533, that militates against the conclusion we here reach. There, the lease was of a storeroom on the ground floor of a hotel. There was no designation in the lease of the purpose for which it might be used. The lessee installed therein machinery, not contemplated by the lessor, nor to be inferred from the situation of the property leased, the operation of which prevented the use of the hotel parlor, and prevented the leasing of certain of the guest rooms of the hotel. Plainly, the differences between the cases distinguish the applicable rule.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and HOLCOMB, JJ., concur.